## Douglas State Bank for use of William Hardy, Plaintiff in Error, v. Chicago Bonding & Surety Company, Defendant in Error.

### Gen. No. 22,576.

1. CORPORATIONS—*who may make affidavit of merits denying genuineness of signature of person as attorney in fact for corporation.* Under Rule 23 of the Municipal Court of Chicago, adopting section 52 of the Practice Act (J. & A. ¶ 8589), an affidavit of merits, denying on behalf of a corporation that the purported signature of a certain party as attorney in fact for the corporation was not his genuine signature and that he did not sign the instrument, may be made by any agent of the corporation duly authorized to make such affidavit, and same need not be made by such party whose signature is denied therein.

2. BONDS, § 37*—*when admission of evidence is harmless error.* In an action on a stay of execution bond against a corporation as surety, wherein the genuineness of the signature of a certain person as attorney in fact for the defendant was denied, *held* that the admission of evidence tending to prove that a certain person had forged the signature of the attorney in fact, and that after the execution of such bond such forger was a fugitive from justice and had left the city, was harmless error.

3. BONDS, § 38*—*when genuineness of signature is question for jury.* In an action against a corporate surety on a stay of execution bond, *held* that the question of the forgery of the signature of an attorney in fact for the corporation was a question for the jury.

Error to the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 5, 1917.

CLYDE C. FISHER, for plaintiff in error.

SABATH, STAFFORD & SABATH, for defendant in error.

MR. JUSTICE DEVER delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This case comes to this court on a writ of error to the Municipal Court of Chicago, wherein a judgment was entered in favor of the defendant. Suit was brought on a "Stay of Execution" bond which it was alleged the defendant had executed as surety in case No. 390,027 in the Municipal Court. An affidavit of merits was filed by the defendant in which Albert N. Jacobs, as its duly authorized agent, stated "that defendant never executed the bond set forth in plaintiff's statement of claim; that the purported signature of Chester Strail, attorney in fact, is not the genuine signature of the said Chester Strail; that he never signed same; and that it is not indebted to the plaintiff on said purported bond."

Plaintiff contends that the affidavit of merits which was signed by Jacobs as agent of the defendant, under Rule 23 of the Municipal Court of Chicago and under section 52 of the Illinois Practice Act (J. & A. ¶ 8589) should have been sworn to by Strail, the person whose signature it is claimed was forged in the bond in question.

Rule 23 of the Municipal Court, as it appears in the record here, adopts section 52 of the Practice Act, which provides that where a defendant is sued upon any instrument in writing he may not deny the execution of such instrument unless such denial is verified by his affidavit; as a proviso it is stated that "if the party making such denial be not the party alleged to have executed or assigned such instrument, the denial may be made on the information and belief of such party." The defendant is a corporation. The theory of plaintiff is that the bond sued on is the bond of defendant, and not that of Strail. The defendant being a corporation, all of its acts are performed for it by agents; it is incapable of binding itself by any instrument or contract except through the acts and with the aid of such agents. The affidavit purports to have

been made by Jacobs as the duly authorized agent of the defendant, and we are at a loss to understand how the defendant could have executed the affidavit in question in any other manner. There is nothing in the law which requires that an affidavit such as the one filed in this case should be executed by any particular officer of a corporation. From the language of the proviso of section 52 above quoted, it may reasonably be inferred that the Legislature intended that it would be necessary in cases such as the one at bar that the affidavit required of the defendant should be executed by a properly authorized agent. Strail, the person whose signature it is alleged was forged to the bond in question, testified as a witness in the case and denied that he executed such bond. It might be inferred from this that it was possible for the defendant to have denied the execution of the bond by the affidavit of Strail himself; yet we find nothing in the statute referred to or in the decisions that leads us to the belief that the denial could not be made by any other authorized agent of the defendant.

It is further insisted by the plaintiff that the court erred in admitting certain testimony over the objection of the plaintiff. The evidence taken at the trial tended to prove that one Lewinsohn had forged Strail's signature in the bond, and certain evidence was admitted which tended to prove that after the execution of the bond Lewinsohn, being a fugitive from justice, had left the City of Chicago. We are inclined to the view that some of this evidence was erroneously admitted, but we do not think that the error of the court in this regard was so serious as to warrant us in reversing the judgment for that reason.

It is contended also that the verdict and judgment are against the weight of the evidence. There are in the record photographic copies of two instruments which contain the genuine signature of Strail, as also

the bond in which appears the alleged forged signature. An examination of these papers will disclose that there is a very marked similarity between these signatures; yet, notwithstanding this fact, the question of the genuineness of the signature in question became a question of fact for the jury, and we are unable to say that the finding of the jury is unsupported by the evidence.

The judgment of the Municipal Court is affirmed.

*Affirmed.*